**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00215-DDD-SKC

AMERIPRISE FINANCIAL SERVICES, LLC,

    Petitioner,

v.

RANDOLPH W. GEORGE, JR.,

    Respondent.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Petitioner Ameriprise Financial Services, LLC's ("Ameriprise") motion for default judgment against Respondent Randolph W. George Jr. Doc. 13. The Court **GRANTS** the motion for the reasons explained below.

Mr. George was an Ameriprise franchisee until August 2018, when the parties' terminated their franchise agreement. Doc. 1, ¶ 8. Ameriprise then initiated arbitration against Mr. George as provided by an arbitration agreement between them. *Id.* ¶ 9. In August 2019, an arbitration panel entered an award against Mr. George and in favor of Ameriprise for $555,419.17 plus post-award interest. *Id.* ¶¶ 12–13. This amount is comprised of $487,958.49 in compensatory damages, $59,175.08 in pre-award interest, $7,285.60 in attorney fees, and $1,000 in costs. *Id.* ¶12. The arbitrators awarded Ameriprise post-award interest on the compensatory-damages portion of the award according to the following calculation: 16% per annum on $293,243.13 (for breach of a promissory note between the parties known as the Transition Note) and 6.25% per annum on $192,912.78 (for breach of a promissory note

between the parties known as the Working Capital Note). *Id.* ¶ 13; Doc. 1-2 at p.3, ¶¶ 2–3. The arbitrators also awarded Ameriprise permanent injunctive relief, "requiring [Mr. George] to make a legally enforceable request to any new or subsequent employer to disgorge any bonuses to [Ameriprise] in order to repay all amounts owed to [Ameriprise] by [Mr. George]." *Id.* at p.3, ¶ 8.

Ameriprise filed this action to confirm the arbitration award under the Federal Arbitration Act. *Id.* ¶¶ 18–23. Section 9 of Title 9 of the United States Code permits a party to an arbitration agreement to apply to a federal court to confirm an arbitration award within one year of entry of the award. *Id.* If a party wishes to modify or vacate the award, it must do so within three months of entry of the award. *Id.* § 12. If no such request to modify, vacate, or correct the award is made, the Court must confirm the award under the Act. *Id.* § 9.

Mr. George has never moved to modify or vacate the arbitration award against him. Indeed, he has never appeared in this matter. Given Mr. George's failure to appear, Ameriprise moved the clerk for entry of default under Federal Rule of Civil Procedure 55(a), Doc. 11, which the clerk entered on April 9, 2020, Doc. 12. That same day, Ameriprise moved the Court for entry of default judgment under Rule 55(b)(1), Doc. 13.

Under Rule 55(b), after the clerk enters default, a court must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), but in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The purpose of a default judgment is to protect a diligent party against an

unresponsive adversary. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

Before a court can enter default judgment, however, it must ensure it has jurisdiction over the matter. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which grants jurisdiction to federal courts over suits between citizens of different states where the amount in controversy is in excess of $75,000. Here, there is diversity of citizenship between the parties: Ameriprise is a citizen of Minnesota, and Mr. George is a citizen of Colorado. Doc. 1, ¶¶ 2, 4. And the amount in controversy is more than $75,000.

The Court also has personal jurisdiction over Mr. Randolph. The moving party bears the burden of proof to show that the Court has jurisdiction over Mr. Randolph under Colorado's long-arm statute and that he has minimum contacts with the state. *Dennis*, 115 F.3d at 771. But in the context of a motion for default judgment, the petitioner's burden is a minimal one: the petitioner "need only make a *prima facie* showing on these two questions if the motion is decided only on the basis the parties' affidavits and other written materials," as it is here. *Id.*; *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (explaining that well-pled allegations in complaint are accepted as true for purposes of determining personal jurisdiction at pleading stage). Ameriprise satisfies this standard. It alleges that Mr. George is a resident of Colorado, which is sufficient for the Court to exercise general personal jurisdiction over a defendant. Doc. 1, ¶ 4; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

Having assured it has jurisdiction over this matter, the Court's task is relatively easy. Ameriprise asks for entry of default judgment against Mr. Randolph for a sum certain, the amount of damages awarded by the arbitrators ($555,419.17), plus post-award interest calculated on the portion of the award constituting compensatory damages pursuant to the formula discussed above: 16% per annum on $293,243.13 (the Transition Note balance) and 6.25% per annum on $192,912.78 (the Working Capital Note balance) beginning September 21, 2019 and continuing through the date of the judgment. Ameriprise has proven these amounts by attaching the award to its motion to confirm the arbitration award. *See* Doc. 1, ¶ 13–14; *see also* Doc. 1-2 (arbitration award). Accordingly, entry of default judgment in this amount is proper. Ameriprise also asks the Court to enforce the injunctive relief awarded by the arbitrators. The Court likewise concludes this is proper under the Federal Arbitration Act, which requires the Court to confirm the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9.

Accordingly, Ameriprise's motion for entry of default judgment (Doc. 13) is **GRANTED**, and the clerk is directed to enter default judgment against Mr. George as follows:

Ameriprise is awarded the principal sum of $555,419.17, comprised in part of the Transition Note balance of $293,243.13 as well as the Working Capital Note balance of $192,912.78, together with pre-judgment interest from September 21, 2019 through the date of this judgment calculated as 16% per annum on the Transition Note balance of $293,243.13 as well as 6.25% per annum on the balance of $192,912.78;

Ameriprise may recover from Mr. George post-judgment interest on the amounts above as provided by 28 U.S.C. § 1961; and

Ameriprise is entitled to permanent injunctive relief, requiring Mr. George to make a legally enforceable request to any new or subsequent employer to disgorge any bonuses to petitioner in order to repay all amounts owed to petitioner by respondent under the Transition Note.

Further, the case shall be closed.

DATED: May 20, 2020                BY THE COURT:

_____
Hon. Daniel D. Domenico